# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:98CR817 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| KENNETH RAY BATES, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

Defendant makes two requests for this Court's consideration. In the first, Defendant asks the Court for relief from his criminal conviction under Federal Rule of Civil Procedure 60(b). (Doc. 335). In the second, Defendant asks the Court to reduce his sentence due to extraordinary and compelling reasons. (Docs. 337 & 342). The Government opposes both requests. (Docs. 336 & 345).

For the reasons that follow, the Court **DENIES** Defendant's Motions.

## I. BACKGROUND FACTS

On September 3, 1998, a Grand Jury indicted Defendant and two others on charges stemming from an armed bank robbery. Defendant proceeded to trial, where a Jury convicted him of Armed Bank Robbery, a violation of 18 U.S.C. § 2113 ("Count 1"); and Use of a Firearm During an Offense of Violence, a violation of 18 U.S.C. § 924(c) ("Count 2"). For these crimes, the Court[1] sentenced Defendant to a total of 324 months[2] incarceration, followed by 5 years of Supervised Release.

---

[1] The Honorable David A. Katz presided over the Trial and imposed the Sentence.

[2] The Sentence consisted of 264 months on Count One and 60 months on Count Two, to be served consecutive to Count One.

Defendant appealed and the Sixth Circuit affirmed. He then moved multiple times to vacate his conviction under 28 U.S.C. § 2255, which were all denied. Later, Defendant asked the Court for relief from the criminal judgment under Federal Rule of Civil Procedure 60(b)(4), (Doc. 335), which the Government opposed (Doc. 336). This Motion is presently before the Court.

Meanwhile, Defendant, acting pro se, moved for a sentence reduction. (Doc. 337). The Court appointed counsel under the District's General Order and counsel supplemented on April 30, 2021. (Doc. 342). Defendant also provided a supplement *pro se*. (Doc. 340). The Government opposed Defendant's request for a sentence reduction (Doc. 345) and defense counsel filed a Reply (Doc. 346).

## II. LAW & ANALYSIS

### A.   Motion to Alter or Amend Judgment

On December 7, 2021, Defendant filed a motion under Federal Rule of Civil Procedure 60(b)(4) for relief from his criminal conviction. (Doc. 335). In it, he claims the Court never had subject matter jurisdiction because the criminal acts took place wholly within the State of Ohio. The Government opposed Defendant's motion, arguing it failed on both procedural and substantive grounds. (Doc. 336). Defendant replied shortly thereafter in support of his Motion, advancing the same arguments previously raised in his Motion. (Doc. 338).

The Court agrees with the Government and denies Defendant's Motion on procedural grounds. Rule 60(b) affords civil litigants the opportunity to seek relief from a final judgment for multiple reasons, including that the judgment is void. Fed. R. Civ. P. 60(b)(4). In such circumstances, the motion must be made within a reasonable time. *Id.* at 60(c)(1). Moreover, "Rule 60(b) applies to civil proceedings, proceedings authorized under Rule 81, and habeas

proceedings, which are civil in nature." *United States v. Gibson*, 424 Fed. App'x 461, 464 (6th Cir. May 24, 2011) (citations omitted). Noticeable absent are criminal proceedings, where Civil Rule 60(b) does not apply. *Id.* (citing *United States v. Diaz*, 79 Fed. App'x 151, 152 (6th Cir. 2003).

This standard of law leads to the easy conclusion that Defendant's Motion under Civil Rule 60(b) is improper. At the outset, Defendant did not file his motion "within a reasonable time." But more importantly, Defendant seeks to overturn his criminal conviction, rather than a previous ruling under § 2255 (which is a civil proceeding). And as the Sixth Circuit has clearly stated, a Civil Rule 60(b) motion "may not be used to disturb a criminal sentence or conviction." *Gibson*, 424 Fed. App'x at 464.

Accordingly, because Defendant improperly utilizes Civil Rule 60(b) to seek relief from a criminal judgment, the Court denies his request.

**B.      Motion for Sentence Reduction**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in certain circumstances, a defendant may ask the court to modify a sentence, colloquially known as "compassionate release." *Id.* at § 3582(c)(1)(A).

Before requesting a reduction, a defendant must exhaust his administrative remedies. *Id.*; *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020). The Government agrees that "it appears Defendant has met the exhaustion requirement[.]" (Doc. 345, PageID: 531).

After a defendant exhausts his administrative remedies, he may ask the court for compassionate release. A district court may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is

consistent with applicable policy statements issued by the United States Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[3]

However, the Sixth Circuit has determined that, when an imprisoned person files his own request for sentence reduction, there is no applicable policy statement. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). That is because the once-applicable policy statement—U.S.S.G. § 1B1.13—was rendered 'inapplicable' by the passage of the First Step Act and the Sentencing Commission's subsequent failure to update the policy statement. *Id.* at 1109-11. Therefore, federal courts may forgo consulting the policy statement and define 'extraordinary and compelling reasons' on their own. *Id.* at 1111.

After *Jones* then, district courts must: 1) "find" that extraordinary and compelling reasons support a reduction; and 2) "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* at 1101 (citing 18 U.S.C. § 3582(c)(1)(A)). Regarding the first finding, "district courts have discretion to define 'extraordinary and compelling' on their own initiative," *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021), but a defendant's rehabilitation alone is not enough. 28 U.S.C. § 994(t). And when it comes to the second consideration, a district court is "obligate[d] to provide reasons" for its decision, especially when the original sentencing judge and the compassionate release judge are different persons. *Jones*, 980 F.3d at 1112-13. Importantly however, "district courts may deny compassionate-release motions when any of the three perquisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

---

[3] There is a second scenario that entitles a defendant to relief based on his age, but that section is not applicable to Defendant. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

- 4 -

Ultimately, "[t]he defendant has the burden to show that he is entitled to a sentence reduction" under § 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Court finds that Defendant has not presented an extraordinary and compelling reason for a sentence reduction. In his Motion, Defendant cites the COVID-19 pandemic, his underlying health conditions of high blood pressure and diabetes, his age (61 years old) and the amount of time he has already served. The Government argues these reasons are not enough, especially considering Defendant's individual health choices. Those health choices include refusal of a vaccination against COVID-19 and the failure to attend health appointments to better treat his underlying conditions. The Government also cites the high vaccination rate (96%) among the current inmates at FCI Hazelton. In response to this argument, Defendant cites "conflicting information" regarding the vaccine and a fear of contracting the virus by visiting the health center for medical treatment.

The Court agrees with the Government. It is one thing to be hesitant about the vaccination process and refuse the vaccine. But Defendant cannot now rely on the virus as an extraordinary and compelling reason. To do so would be illogical. *See United States v. Zambrano*, 2021 WL 248592 (N.D. Iowa Jan. 25, 2021) ("It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them"). Moreover, due to the high vaccination rate at the facility, Defendant's risks from the virus are lowered. *See United States v. Lohmeier*, 2021 WL 365773, *3 (N.D. Ill. Feb. 3, 2021) ("Notwithstanding his own recalcitrance, moreover, that other inmates and staff are being vaccinated also lowers Defendant's risk exposure").

The same rationale applies to Defendant's refusal to participate with his medical treatment.  Prison medical staff offered numerous treatments and tests to better treat Defendant's underlying conditions.  Yet, Defendant refuses to participate.  And this is not the result of Defendant's fear of contracting COVID-19.  A review of his medical records indicates that Defendant seeks medical care intermittently.  Instead, this shows Defendant's self-neglect in caring for himself, complying with treatment as he sees fit.

Defendant's concerns for his health and COVID-19 are exaggerated when compared to his daily behavior while incarcerated.  Therefore, the Court does not find Defendant presented an extraordinary and compelling reason for a sentence reduction.  As such, the Court forgoes further analysis of the § 3553(a) factors.  *Elias*, 984 F.3d at 519.

### III. CONCLUSION

Both of Defendant's outstanding Motions fail for the reasons above.  Therefore, the Court **DENIES** both outstanding Motions.  (Docs. 335, 337 & 342).

**IT IS SO ORDERED.**

     s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: July 19, 2021**